**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1843

JAIME RIVERA ALICEA,
Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,
Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]
[Hon. Gustavo A. Gelpi, U.S. Magistrate Judge]

Before

Torruella, Selya, and Lynch,
Circuit Judges.

Rafael F. Castro Lang, by appointment of the court, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom H. S. Garcia, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, were on brief, for appellee.

March 29, 2005

**Per Curiam**.    The government originally charged petitioner-appellant Jaime Rivera Alicea in a five-count felony indictment.  A trial yielded a split decision.  The jury convicted the petitioner of aiding and abetting the possession with intent to distribute eighteen kilos of cocaine on May 23, 1996 (count 1); conspiring to possess cocaine with intent to distribute on that date (count 2); and aiding and abetting the use and carriage of a firearm in relation to a drug-trafficking crime (count 3).  See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. §§ 2, 924(c).  At the same time, the jury acquitted the petitioner of a charge that he had attempted to kill, intimidate, or interfere with Carlos Montalvo, a federal agent, while Montalvo was performing his official duties (count 4); and a charge that he had attempted to kill, intimidate, or interfere with Carmen D. Ortíz Díaz, a cross-designated agent assisting Customs Service personnel in the execution of their duties (count 5).  The district court sentenced the petitioner to concurrent 360-month incarcerative terms on the first two counts and a consecutive five-year term on the third count.  Judgment was entered on May 29, 1998.

The petitioner unsuccessfully moved for a new trial on the ground of newly discovered evidence, see Fed. R. Crim. P. 33(a), and then appealed to this court.  We affirmed the convictions, the sentence, and the denial of the motion for new trial.  United States v. Alicea, 205 F.3d 480 (1st Cir. 2000).

On December 6, 2000, the petitioner served a pro se motion to vacate and set aside the convictions and sentence. See 28 U.S.C. § 2255. The district court, through a magistrate judge, wisely appointed counsel for the petitioner and ordered the government to respond. Following receipt of the response, the magistrate judge eschewed an evidentiary hearing and issued a report and recommendation suggesting that relief under section 2255 be denied. Rivera Alicea v. United States, No. 00-2544 (D.P.R. Jan. 21, 2004) (unpublished report and recommendation).

The petitioner filed timely objections to the report and recommendation. See Fed. R. Civ. P. 72(b). On March 29, 2004, the district court, without pausing to convene an evidentiary hearing, adopted the magistrate judge's report and recommendation and dismissed the section 2255 petition with prejudice. Rivera Alicea v. United States, No. 00-2544, slip op. (D.P.R. Mar. 29, 2004) (unpublished). This timely appeal followed.

We granted a certificate of appealability, see 28 U.S.C. § 2253(c), limited to the petitioner's claim of ineffective assistance of counsel. That claim was premised on trial counsel's putative failure to investigate, interview, and subpoena Raquelina Mejías and Aleida Gotay as witnesses at the criminal trial. Briefing and oral argument ensued.

We need not tarry. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that the Sixth Amendment right

to counsel in a criminal case is the right to the effective assistance of counsel. Id. at 686. In order to obtain reversal of a conviction due to ineffective assistance of counsel, a defendant must show both that counsel's representation fell below an objective standard of reasonableness, id. at 687-88, and that there is a reasonable probability that, but for such unprofessional errors, the conviction would not have transpired, id. at 694. Such a claim may be raised collaterally by means of a petition for habeas relief. See, e.g., Hill v. Lockhart, 474 U.S. 52, 53 (1985); Scarpa v. DuBois, 38 F.3d 1, 4-5 (1st Cir. 1994).

In this case, the principal witness against the petitioner on the counts of conviction was José Alberto Vásquez-Hernández (Vásquez), a coconspirator who became a government witness. The petitioner alleges that, while incarcerated to await trial, he had conversations with Vásquez's girlfriend (Raquelina Mejías) and with a cooperating government witness (Aleida Gotay). The petitioner claims that both of these women told him that Vásquez had admitted that he intended to lie about the petitioner's involvement in the drug-trafficking enterprise in order to curry favor with the authorities and obtain a sentence reduction.[1] The petitioner further alleges that he informed his trial counsel, Ramón García-García (García), well before the trial, about these

---

[1]Mejías had provided a corroborative statement, which was annexed to a motion requesting an evidentiary hearing on the habeas petition.

-4-

potential witnesses, but that the lawyer failed to investigate or otherwise act upon this information. When the petitioner questioned this inaction, García assured him (inaccurately, as matters turned out) that the government had no proof and that the trial would culminate in a favorable verdict.

These allegations, made on the petitioner's personal knowledge, are neither inherently improbable nor compromised by the trial transcript. Indeed, they stand uncontradicted on the existing record. In its response to the section 2255 motion, the government provided no statement from García and the court held no evidentiary hearing. Under the circumstances, there was a prima facie showing of objectively unreasonable attorney performance in failing either to investigate the situation or, at least, to interview two potentially crucial witnesses. See, e.g., Horton v. Allen, 370 F.3d 75, 87 (1st Cir. 2004) (noting that, in certain circumstances, "the failure of defense counsel to interview witnesses can establish the deficient performance prong of the Strickland analysis"); cf. Williams v. Taylor, 529 U.S. 362, 371 (2000) (finding deficient performance for defense counsel's failure to discover and present significant mitigating evidence at the sentencing hearing).

We say "prima facie" because it may be that García was not so informed by the petitioner and/or that García made no such representation. Were such evidence forthcoming — and we have no

way of telling — it would undercut the petitioner's prima facie showing. We must, however, deal with the record as it stands, without speculating as to what may turn up upon further investigation.

A similar problem surrounds the question of prejudice. Given the absence of an evidentiary hearing, it is difficult to gauge what Mejías and Gotay actually would have said under the prodding of direct and cross-examination. By the same token, it is nearly impossible to assess either their credibility or the impact that their testimony might have had on the jury. Added to this, we know that Vásquez — the target of the proffered impeachment — was the government's key witness against the petitioner; that the testimony of the next most critical witness, Montalvo, was open to some question; that the government's case against the petitioner was not overwhelming; and that the jury returned a split verdict, exonerating the petitioner on two of the five counts. Under these circumstances, the existence of prejudice vel non is unusually hard to evaluate. Cf. Strickland, 466 U.S. at 696 (explaining that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support); Stephens v. Hall, 294 F.3d 210, 218 (1st Cir. 2002) (similar).

To its credit, the government, at oral argument, conceded that an evidentiary hearing would have been useful and advised us

-6-

that it had no objection to a remand for that purpose.  We think that it is in the interests of justice to accept the government's concession.  Consequently, we vacate the order appealed from and remand the case so that the district court may hold an evidentiary hearing.

We need go no further.  We caution that nothing contained herein should be read as intimating any view on our part as to the correct outcome on remand.  We leave that decision, at least in the first instance, in the capable hands of the district judge.

**The order dismissing the section 2255 petition is vacated and the case remanded for further proceedings consistent with this opinion**.